# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

FILED

### CIVIL RIGHTS COMPLAINT

2010 JAN 29 P 3: 27

Daniel J. DeFazio / Executive Director 1992
of USMC for Directia (United States Marine Corps)

**Plaintiff(s),**
(Full name(s) ~~and prisoner number(s)~~ if incarcerated)
(Do not use *et al.*)

v.

USMC for Directia

Case No. **310CV147CFD**
(To be supplied by the court)

_____

_____

_____

_____

_____

_____

**Defendant(s).**
(Full name(s) and capacity, *e.g.*, official capacity, individual capacity,
or official and individual capacitites) (Do not use *et al.*)

## A. PARTIES

1. Daniel J. DeFazio is a citizen of Connecticut who
   (Plaintiff)                          (State)
presently resides at 651 State St #425 Bridgeport, CT 06604
                    (mailing address or place of confinement)
If plaintiff is incarcerated, provide inmate number: N/A .

2. Defendant United States Marine Corps is a citizen of Nation
             (name of first defendant)                (State)
whose address is Washington D.C.

and who is employed as ___US military Corporal___.
(title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? __✓__Yes ____No. If your answer is "Yes," briefly explain:

_____

_____


3. Defendant _____ is a citizen of _____
              (name of second defendant)                                    (State)

whose address is _____

and who is employed as _____.
                          (title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ____Yes ____No. If your answer is "Yes," briefly explain:

_____


(If more space is needed to furnish the above information for additional defendants, continue on a blank sheet which you should label "A. PARTIES." Be sure to include each defendant's complete address and title.)


## B. JURISDICTION

1. Jurisdiction is asserted pursuant to (CHECK ONE)

*please see if appropte* __✓__ 42 U.S.C. § 1983 (applies to state prisoners)

__✓__ **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies to federal prisoners)

2. Jurisdiction also is invoked pursuant to 28 U.S.C. § 1343(a)(3). (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

_____

_____

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case.

A derived and acquired Disability from Vietnam war and other places causing me the plaintiff a cause of action

## D. CAUSE OF ACTION

I allege that the following of my constitutional rights, privileges, or immunities have been violated and that the following facts form the basis of my allegations: (If more space is needed to explain any allegation or to list additional supporting facts, continue on a blank sheet which you should label "D. CAUSE OF ACTION.")

**Claim I:** See Attached Documents/notes

Supporting Facts: (Include all facts you consider important, including names of persons involved, places, and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)

I Honorably Served as Reminded United States Marine Corps 4 years (Reg.) Active Duty 2 years tactical inactive Reserve sustaining certain injuries 1) Adent orange and diabetis mellitus Type II associated with Herbicide exposure (a product of Agent orange. See detail that follows in this text,

3

On all

**Claim II:** _Having sister's a life insurance_

**Supporting Facts:**




**Claim III:** _____

**Supporting Facts:**

## E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment?
\_\_\_\_Yes  ✓ No.  If your answer is "Yes," describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits using this same format on a blank sheet which you should label "E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF.")

   a. Parties to previous lawsuit:

Plaintiff(s):_____

Defendant(s):_____

   b. Name and location of court and docket number_____

   c. Disposition of lawsuit. (For example, was the case dismissed? Was it appealed? Is it still pending?)
_____

   d. Issues raised: _____

_____

   e. Approximate date of filing lawsuit:_____

   f. Approximate date of disposition: _____

2. I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part D.   \_\_\_\_Yes  ✓ No.

If your answer is "Yes," briefly describe how relief was sought and the results.

3. I have exhausted available administrative remedies.  ✓ Yes  \_\_\_\_ No.
   If your answer is "Yes," briefly explain the steps taken. Attach proof of exhaustion.
   If your answer is "No," briefly explain why administrative remedies were not exhausted.

## F. PREVIOUSLY DISMISSED ACTIONS OR APPEALS

1. If you are incarcerated and proceeding under 28 U.S.C. § 1915, please list each civil action or appeal you have brought in a court of the United States, while you were incarcerated or detained in any facility, that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Please describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on a blank sheet which you should label "F. PREVIOUSLY DISMISSED ACTIONS OR APPEALS."
    If you are not incarcerated, go to section G.

   a. Parties to previous lawsuit:

Plaintiff(s): _____n/a_____

Defendant(s):_____

   b. Name and location of court and docket number _____

   c. Grounds for dismissal:  ( ) frivolous  ( ) malicious  ( ) failure to state a claim upon which relief may be granted.

   d. Approximate date of filing lawsuit:_____

   e. Approximate date of disposition: _____

2. Are you in imminent danger of serious physical injury?  ✓ Yes  ____ No.
    If your answer is "Yes," please describe the facts in detail below without citing legal authority or argument.

a periodic crisis pea

## G. REQUEST FOR RELIEF

I request the following relief:

## H. JURY DEMAND

Do you wish to have a jury trial?   Yes ____   No ✓

_____
Original signature of attorney (if any)

**Plaintiff's Original Signature**
*[signature]*

_____
Printed Name

**Printed Name**
Daniel J. Dehaeric

_____
( )
Attorney's full address and telephone

**Plaintiff's full address and telephone**
651 State St #429
Bridgeport, CT 06604
( )203 339 0070

_____
Email address if available

Email address if available

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at Bridgeport CT on 1/25/2010.
        (location)           (date)

*[signature]*
**Plaintiff's Original Signature**

(Rev. 8/25/04)

IT IS Requested that this case be examined and handled by the Honorable Christopher F. Droney

DEAR Judge ~~Superior Court~~ DISTRICT

Please Be advised that I am Currently Disabled Due to the Vietnam ~~US~~ war, and Have documents ~~substantiating~~ PROVING certain facts about the degree of Disability ~~there~~ ~~Forthwith~~ (which are enclosed in this Text.)

I would like you To Judge this matter and Remedy To me the sum of 3,300.00 Dollars ~~amount~~ a month for life.

As I see this matter I am permanently ~~impaired~~ impaired By agent Orange and other Problems relations please ~~forth~~ further under-stand that I had Served Six (6) years with the United States marine Corps Honorably and had ~~received~~ Received certain medals ~~including~~ including a Good Conduct medal and national Defense ~~medals~~ medals alongwith other

outstanding awards. Since then I had obtained a College Degree in accounting and had served with the internal Revenue Service (IRS) and other Government agencies in 1982 I was noted in an election as Lucien P DiFonzi State ct Senate (United States) Please Review the issues and close the case in my favor, one issue involves my Date of Birth which is    /  /    , my military ID # and Social Security #

Sincerely Yours
Dan Delmis USMC,
IRA (internal revenue acclis)

DEAR SIR,

enclosed are papers outlining Disabilities reference service connected military Disabilities. Please review and contact me on these matters. I see a Suite and/or workmans comp claim

Sincerely,
Dan Schorr

2

C 24 678 627
Defazio, D J

> ***If this account is no longer open,
> please notify us immediately.***

## What Did We Decide?

We determined that the following condition(s) was/were related to your military service, so service connection has been granted:

| Medical Description | Percent (%) Assigned | Effective Date |
|---|---|---|
| diabetes mellitus type two associated with herbicide exposure | 20% | May 18, 2007 |

We determined that you are entitled to both disability pension and service connected compensation. Under VA law you can't receive both benefits at the same time. We have granted service connected compensation as the greater benefit. However, you may choose (or 'elect') to receive either benefit program at any time.

We enclosed a VA Form 21-8764, "Disability Compensation Award Attachment-Important Information," which explains certain factors concerning your benefits.

## How Did We Make Our Decision?

We have enclosed a copy of your Rating Decision for your review. It provides a detailed explanation of our decision, the evidence considered, and the reasons for our decision on your claim for compensation benefits. Your Rating Decision and this letter constitute our decision based on your claim received on November 28, 2008. It represents all claims we understood to be specifically made, implied, or inferred in that claim.

## Are You Entitled to Additional Benefits?

You may be eligible for government life insurance if you
- were released from active duty after April 25, 1951,
- are in good health (except for any service connected conditions), and
- apply within two years of this notification of your disability rating.



**DEPARTMENT OF VETERANS AFFAIRS**
Hartford RO
PO Box 310909
Newington, CT
06131-0909

Daniel J. DeFazio

VA File Number
24 678 627

Represented by:
CONNECTICUT DEPARTMENT OF VETERANS AFFAIRS

Rating Decision
July 19, 2008

## INTRODUCTION

The records reflect that you are a veteran of the Vietnam Era. You served in the Marine Corps from December 30, 1964 to December 9, 1968. We received a request to reopen a previously denied claim on May 18, 2007. Based on a review of the evidence listed below, we have made the following decisions on your claim.

## DECISION

1. Service connection for diabetes mellitus type 2 associated with herbicide exposure is granted with a 20 percent evaluation effective May 18, 2007.

2. The claim for service connection for post-traumatic stress disorder (PTSD) remains denied because the evidence submitted is not new and material.

Daniel J. DeFazio
24 678 627
Page 2

## EVIDENCE

- Your Statement In Support Of Claim, VA Form, 21-4138, received May 18, 2007, establishing your claim for increase in your service connected benefits
- Letter from Dr. A. Klufas, Bridgeport CT, dated May 20, 2007
- Memorandum from S. Kowaleski Sr., VSO, CT DVA, dated November 26, 2007
- Veterans' Claims Assistance Act (VCAA) letters sent to you, dated December 10, 2007 and June 11, 2008, stating the elements needed to establish entitlement to the claimed benefit
- FAX from Dr. A. Klufas, received December 21, 2007
- Treatment reports, Dr. A. Klufas, Bridgeport CT, from February 22, 2007 through May 20, 2008
- Treatment reports, Park City Primary Care Center, Bridgeport CT, from October 11, 2002 through July 13, 2006
- Treatment reports, Norwalk Hospital, Norwalk CT, from October 8, 1983 through March 13, 1996
- Service personnel records from December 30, 1964 through December 9, 1968

## REASONS FOR DECISION

### 1. Service connection for diabetes mellitus type 2 associated with herbicide exposure.

You have requested that we reopen your previously denied claim for diabetes mellitus type 2.

You were previously denied service connection for diabetes mellitus type 2, because the evidence did not show that you had been diagnosed with this condition, and were notified of our most recent decision in our letter, dated October 19, 2005. The appeal period for this decision has expired and the decision is final. We told you in our VCAA letter that in order for us to reconsider this issue, we needed "new and material evidence".

In response, private medical evidence was submitted, and following review, the claim for service connection for diabetes mellitus type 2 is considered reopened.

Under the authority granted by the Agent Orange Act of 1991, VA has determined that presumption of service connection based on exposure to herbicides used in Vietnam is not warranted for any conditions other than those for which VA has found a positive association between the condition and such exposure. VA has determined that a positive association exists between exposure to herbicides and the subsequent development of the following eleven conditions: chloracne, non-Hodgkin's lymphoma, soft tissue sarcoma, Hodgkin's disease, porphyria cutanea tarda (PCT), multiple myeloma, acute and subacute peripheral neuropathy, prostate cancer, cancers of the lung, bronchus, larynx and trachea, Type II (adult-onset) diabetes mellitus, and chronic lymphocytic leukemia.

Daniel J. DeFazio
24 678 627
Page 3

It is conceded that veterans who served in-country Vietnam, between January 9, 1962 through May 7, 1975, were exposed to herbicide agents and thus certain diseases associated with the exposure shall be service connected. Your military records show that you served in Vietnam, therefore exposure to Agent Orange is conceded.

Review of VA electronic treatment records shows no medical treatment since our last review of this claim.

Review of the private treatment records from Norwalk Hospital and Park City Primary Care Center does not provide evidence pertinent to this claim.

Review of the statements and medical records, submitted by Dr. Klufas, shows that he confirms that you have been diagnosed with diabetes type 2. Home Health Certification And Plan of Care, dated February 22, 2007, shows your diagnosis of diabetes, type 2 uncontrolled, showing current treatment with oral hypoglycemic medication (Metformin), requesting in-home services for purposes of diabetes education and management, as well as ongoing assessment of this condition. Dr. Klufas' note, received on June 19, 2008, shows you continue on Metformin and restricted diet, with a recent Hgb A1c of <6.

During your VA diabetes exam, you reported recent diagnosis of diabetes, denying any episodes of ketoacidosis or hypoglycemic reaction, or any physician-prescribed restriction of your activity in managing your blood sugars, noting that you follow a low sodium diabetic diet, and take Metformin daily. You denied any complication/manifestation of diabetes, including erectile dysfunction. Physical exam was essentially normal, and neurological exam demonstrated no sensory and/or motor deficit. Your Hgb A1c was normal at 6, your BUN was normal at 13, your creatinine was normal at 0.9, and spot urine microalbumin was normal at 6.8. Diagnosing diabetes mellitus type 2, the examiner stated that there was no visual, cardiovascular, nephrologic or neurologic complication of diabetes at that time.

Although not shown in service, service connection for diabetes mellitus type 2 has been granted on the basis of presumption. we have assigned a 20 percent evaluation for diabetes mellitus type 2 associated with herbicide exposure. An evaluation of 20 percent is assigned if there is a requirement for insulin and restricted diet, or oral hypoglycemic agent and restricted diet.

A higher evaluation of 40 percent is not warranted unless insulin, restricted diet, and regulation of activities are required. As the evidence does not show the requirement of physician-prescribed restriction of activity in managing your diabetes, assignment of a higher evaluation is not warranted at this time.

We have assigned an effective date of May 18, 2007, the date that your claim was received. As the first evidence sufficient to reopen this finally adjudicated claim was

received subsequent to this date, the earliest effective date that can be assigned is the date of claim.

## 2. Service connection for PTSD.

You have requested that we reopen your previously denied claim for PTSD.

You were previously denied service connection for PTSD, because the evidence did not show that you had been diagnosed with this condition, and you were notified of our most recent decision in our letter, dated October 19, 2005. The appeal period for this decision has expired and the decision is final. We told you in our VCAA letter that in order for us to reconsider this issue, we needed "new and material evidence".

To qualify as "new evidence", it must be submitted to VA for the first time. New evidence can be documents, statements from lay persons, medical reports, or other similar evidence. Evidence that is cumulative and tends to reinforce a previously established point is NOT considered new.

To qualify as "material evidence", the additional information must bear directly and substantially upon the issue for consideration, which in this case is that your have a current clinical diagnosis of PTSD related to some occurrence during your active military service.

New and material evidence must raise a reasonable possibility, that when considered with all the evidence of record (both new and old), that the outcome (conclusion) would change. The evidence can't simply be redundant (repetitive) or cumulative of that which we had when we previously denied your claim.

Review of VA electronic treatment records shows no mental health treatment since our last review of this claim.

Private treatment records, submitted by Dr. Kiufas, provide a Bridgeport Hospital patient history, dated May 20, 2008, noting that you were a patient in the Psychiatric Unit at that time, citing your diagnosis of schizoaffective disorder. These records provide no other evidence pertinent to this issue.

Review of the submitted treatment records from Park City Primary Care Center, shows your subjective history of PTSD, with that condition noted on your Problem List, however, no active evaluation, diagnosis, or treatment for PTSD is shown by these records.

Private treatment records, submitted from Norwalk Hospital, shows evaluation and treatment for mental health symptoms (paranoid delusions), diagnosed as chronic paranoid schizophrenia, with no indication of a diagnosis of PTSD.